ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN 18 P 12: 46
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| WALTER GLENN ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-007 |
| | ) | |
| JOE PEAL, Hancock State Prison, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] Although Plaintiff is currently incarcerated at JSP, many of the allegations in his complaint relate to events alleged to have occurred while he was incarcerated at Hancock State Prison in Sparta, Georgia. (See doc. no. 1.)

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

Plaintiff names the following Defendants in his complaint, which was filed on January 27, 2012: (1) Joe Peal, who Plaintiff identifies as the head counselor at Hancock State Prison; (2) Ms. Baker, who Plaintiff identifies as the prison officer in charge of the "I.D. room" at Hancock State Prison;" (3) Mr. Gotel, a member of the CERT team at JSP; and (4) John Doe, another member of the CERT team at JSP. (Doc. no. 1, pp. 1, 4, 7, 9.) Plaintiff names each of the Defendants in his or her individual and official capacities. (Id. at 1.)

Plaintiff alleges that on September 1, 2009, at which time he was incarcerated at Hancock State Prison, he was told to pack his property – which included several court records and various articles of personal property – and report to the I.D. room because he was to be transferred to JSP "as a sleeper." (Id. at 7, 10-11.) Once he arrived at the I.D. room, Plaintiff asserts that two members of the CERT team from JSP, Defendant Gotel and the John Doe Defendant, told Plaintiff that they could not wait for Defendant Baker to inventory Plaintiff's property or prepare a receipt for the property, but that Plaintiff would only be at JSP for "a week or two" and his property would be waiting for him upon his return. (Id. at 7, 9.) Plaintiff alleges that contrary to these assertions, he did not return to Hancock State Prison, nor was his property ever sent to him at JSP, where it appears he has remained since being transferred there. (Id. at 8-10.) He further alleges that despite complaining about not receiving his property to numerous prison officials at both Hancock State Prison and JSP, including Defendant Baker and Defendant Peal, Plaintiff continues to suffer an ongoing deprivation of the property at issue. (Id.)

Plaintiff also asserts that upon his arrival at JSP, "Lieutenant Mack" escorted him to "segregation," where Lieutenant Mack told Plaintiff that he was to be "locked down as a

2

sleeper." (Id. at 8.) However, Plaintiff asserts he remained in segregation for 35 days without a disciplinary report or investigation. (Id. at 6, 8.) In addition, Plaintiff asserts that "prison officials" intentionally destroyed his court records, which were among the property left at Hancock State Prison, to retaliate against Plaintiff for filing an unspecified grievance. (Id. at 6, 10.) Plaintiff does not say who destroyed these records, although presumably this was done by Hancock State Prison officials given that his property was allegedly never transferred to JSP. Plaintiff also does not say how he knows these records were destroyed or how he knows they were destroyed in an attempt to retaliate against him. Although the complaint is unclear, Plaintiff also appears to allege that his transfer from Hancock State Prison to JSP was also done in retaliation for filing the unspecified grievance, although Plaintiff similarly does not indicate who at Hancock State Prison was responsible for such an action or how he knows the transfer was done in an attempt to retaliate against him. (Id. at 6.)

## II. DISCUSSION

As an initial matter, the Court notes that Plaintiff's complaint consists of two sets of allegations: (1) allegations of misconduct that occurred at or about the time of his transfer from Hancock State Prison to JSP on September 1, 2009 – the alleged retaliatory transfer and retaliatory destruction of Plaintiff's court records, as well as Plaintiff's allegedly improper confinement in segregation; and (2) allegations of ongoing misconduct – the ongoing deprivation of Plaintiff's personal property. (See generally id.) The Court addresses each set of allegations in turn.

### A. Claims Regarding Retaliatory Transfer, Retaliatory Destruction of Court Records, and Placement in Segregation are Time-Barred

As noted above, several of Plaintiff's allegations concern events that occurred on or

3

about September 1, 2009: his claims regarding his retaliatory transfer, the retaliatory destruction of his court records, and his placement in segregation. Unfortunately for Plaintiff, however, these claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries associated with his claims for retaliatory transfer, retaliatory destruction of his court records, and his placement in segregation, as well as who injured him, when the injuries occurred on or about September 1, 2009. Even the most recent of the conduct alleged – that involving Plaintiff's placement in segregation without disciplinary proceedings for 35 days upon his arrival at JSP – would have lasted no later than some time in October of 2009, over two years and two months before he filed the instant complaint. These claims are thus well outside the two-year statute of limitations period and are therefore subject to dismissal as time-barred.[3]

---

[3] Moreover, even if Plaintiff's claims of retaliatory transfer and retaliatory destruction of his court records were not time-barred, these claims relate solely to events occurring at

4

### B. No § 1983 Claim for Deprivation of Personal Property

In addition, Plaintiff's allegations regarding the ongoing deprivation of his personal property also fail to state a viable § 1983 claim. The Eleventh Circuit Court of Appeals has explained that the State's seizure and retention of an individual's personal property does not give rise to liability under § 1983 "if a meaningful postdeprivation remedy for the loss is available." Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). For example, where state law provides an adequate post-deprivation remedy for the loss of personal property, a § 1983 due process claim will not lie. Lindsey, 936 F.2d at 561 (holding that existence of Georgia state law claim for conversion of personal property precluded § 1983 due process claim against state officers for unlawfully seizing and retaining plaintiff's property); see also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (finding that Florida state law claim for conversion provided adequate post-deprivation remedy for loss of personal property); Morefield v. Smith, 404 F. App'x 443, 445 (11th Cir. 2010) (per curiam) (rejecting § 1983 due process claim against prison officials for seizure of plaintiff's property where plaintiff "had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property").

---

Hancock State Prison, located in Sparta, Georgia, which is situated in the Middle District of Georgia. Because these claims are logically unrelated to his claim regarding the ongoing deprivation of his personal property, which arises at least in part out of events at JSP, they therefore may not be joined in this action. See Fed. R. Civ. P. 20(a); Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (per curiam). Furthermore, even if Plaintiff's claim regarding his placement in segregation were not time-barred, Plaintiff has failed to state a claim based on his allegations because he has not named a specific individual who is responsible for this alleged constitutional deprivation. See LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) ("Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation.").

5

Here, Plaintiff has failed to state a § 1983 claim for violation of his due process rights because Georgia law provides an adequate post-deprivation remedy for the loss of his personal property. As noted by the Eleventh Circuit Court of Appeals in Lindsey, O.C.G.A. § 51-10-1 provides a post-deprivation remedy in the form of a statutory state law conversion action. 936 F.2d at 561. Moreover, this state law authorizes claims against state officials for wrongfully depriving an individual of personal property. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (noting that O.C.G.A. § 51-10-1 constitutes "an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law"). Because Georgia law provides Plaintiff with an adequate post-deprivation remedy, Plaintiff's allegation of deprivation of his personal property fails to state a viable § 1983 claim.

In sum, Plaintiff's allegations fail to state a § 1983 claim upon which relief may be granted. Therefore, Plaintiff's complaint should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE